## Case No. 3,241.

### CORNETT et al. v. LAWRENCE.

[2 Blatchf. 512.] [1]

Circuit Court, S. D. New York.    Nov. Term, 1852.

ACTION TO RECOVER BACK CUSTOMS DUTIES—PROTEST—PROOF.

1. Where, in a protest against the payment of duties, on an addition made by the appraisers to the invoice value, the only ground of protest stated was, that the invoice exhibited the true market value of goods at the place from which they were imported: Held, in action to recover back the duties, that the only point raised by the protest was the correspondence of the invoice value with the value at the place of export at the date of the invoice, and that the plaintiff could not, under the protest, show that the invoice value was the actual purchase price.

[Applied in Wilson v. Lawrence, Case No. 17,816.]

2. A protest against the payment of duties must set forth the specific objections of the party, and refer the collector distinctly to the facts, otherwise the party cannot avail himself of them in an action against the collector to recover back the duties.

[Cited in Crowley v. Maxwell, Case No. 3,449.]

This was an action against [Cornelius W. Lawrence] the collector of the port of New York, to recover back an alleged excess of duties paid him. A verdict was taken for the plaintiffs [Henry T. Cornett and Horatio R. Nightingale], subject to the opinion of the court.

Elias H. Ely, for plaintiffs.

J. Prescott Hall, Dist Atty., for defendant.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

BETTS, District Judge. In this case, and in the three preceding ones of Pierson v. Lawrence [Case No. 11,158]; Pierson v. Maxwell [Id. 11,159]; and Focke v. Lawrence [Id. 4,894],—the decisions of the court, made at the last term, were withheld, at the instance of the counsel for the plaintiffs, until re-arguments could be heard in the cases. All of them relate to importations of iron, and involve substantially the same questions.

In this case, two entries of bar-iron were made by the plaintiffs, at the custom house in New York, in May, 1849, on invoices dated at Liverpool in March and April preceding, and the valuations were raised by the appraisers to correspond with the market prices of the iron at Liverpool at the times of shipment. The proof is, that the values were stated on the invoices at the purchase-prices at the time contracts were made for the iron with the Coalbrookdale Company some months previously. The payment of the duties exacted by the collector on the increase in valuation was protested against, in writing, by the attorney of the plaintiffs, in this language, on each entry: "that, under existing laws, said amount is unjustly added, and is not liable to duty, because the said invoice and said entry exhibited the true market value of said iron at Liverpool, from whence said iron was imported."

There is no evidence to support the assertion of the protests, if they import that the invoices exhibit the Liverpool prices at the dates of the invoices. On the contrary, the plaintiffs proved on the trial, that the prices of iron advanced considerably at Liverpool between the alleged times of the purchase of these parcels and the times of their shipment; and the plaintiffs now insist that the contract prices should govern, and not the prices at the dates of the invoices.

The orders for the purchases in December and February preceding, and their acceptance by the manufacturers in Liverpool, were exhibited to the appraisers after the valuations had been raised. In our opinion, had these papers been submitted to the collector at the same time, that would not have satisfied the requirements of the act of February 26, 1845 (5 Stat. 727), and would not have amounted to such notice to him as would enable the plaintiffs to maintain a personal action against him for the recovery of the duties exacted. They must, in their written protest, set forth their specific objections, and refer him distinctly to the facts on which the objections rest, in order to be enabled afterwards to avail themselves of them, in an action against him.

On examining the protests in this case, it is palpable that no other point is raised by them than that of the correspondence of the invoice charges with Liverpool prices at their dates; and, as already observed, that fact is indisputably against the plaintiffs.

Judgment for the defendant.